# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant. | Case No. 2:15-CV-00287-APG-GWF<br><br>**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. #9, #12) |

This is a dispute over property located at 9574 Bouncing Ball Street in Las Vegas. Plaintiff U.S. Bank held a note secured by a first deed of trust encumbering the property. The loan was insured by the Federal Housing Administration ("FHA"). After the prior owner defaulted on his assessments due to the homeowners association ("HOA"), the HOA foreclosed. Defendant SFR Investments Pool 1, LLC purchased the property at the HOA nonjudicial foreclosure sale for $12,000. U.S. Bank brought suit to quiet title to the property, asserting that the HOA sale did not extinguish the first deed of trust because U.S. Bank and FHA's interests in the property are protected by the Supremacy and Property Clauses of the Constitution and the bid price was commercially unreasonable.

SFR moves to dismiss U.S. Bank's quiet title and declaratory relief claims to the extent those claims are based on the Supremacy and Property Clauses. U.S. Bank countermoves for summary judgment. I grant SFR's motion to dismiss and deny U.S. Bank's summary judgment motion.[1]

---

[1] I previously ordered U.S. Bank to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Dkt. #27.) U.S. Bank responded that its complaint raises federal questions supporting jurisdiction under 28 U.S.C. § 1331. Defendant SFR did not respond to the order to show cause. U.S. Bank's complaint raises disputed federal questions, and I therefore have jurisdiction under § 1331. (Dkt. #29.)

**I.  MOTION TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

SFR argues that neither the Supremacy Clause nor the Property Clause voids the HOA foreclosure sale.  First, SFR contends that under the recent Supreme Court case *Armstrong v. Exceptional Child Care Center, Inc.*, 575 U.S. ----, 135 S. Ct. 1378 (2015), a private litigant cannot use the Supremacy Clause to displace state law.  Second, SFR argues that U.S. Bank cannot enforce the National Housing Act because only the Department of Housing and Urban Development ("HUD") has the authority to enforce it.  As for the Property Clause, SFR contends that U.S. Bank lacks standing to protect HUD's alleged interest in the property and that HUD has no interest in the property or the deed of trust.  Alternatively, SFR contends that under the applicable statutes, if HUD has an interest in the property, then U.S. Bank no longer has any interest in it because HUD obtains an interest only if U.S. Bank either assigned the mortgage or conveyed the property to HUD.  According to SFR, once U.S. Bank takes either of these actions, U.S. Bank no longer has any interest in the mortgage or property to enforce in this case.  Finally, SFR argues that federal law does not preempt Nevada law.

U.S. Bank responds that the motion to dismiss does not attack its allegation regarding commercial unreasonableness, and thus at a minimum that basis for potentially voiding the HOA sale survives dismissal.  As to the Supremacy Clause, U.S. Bank argues that SFR misreads *Armstrong*, which, according to U.S. Bank, holds only that there is no private right of action

under the Supremacy Clause. U.S. Bank contends that *Armstrong* does not alter a private litigant's ability to "rely on the Supremacy Clause to displace unconstitutional state law." (Dkt. #11 at 5:8-10.) U.S. Bank denies it is attempting to enforce the National Housing Act or that it is asserting a claim under that Act. As for the Property Clause, U.S. Bank argues that it is not asserting HUD's interests. Rather, it is requesting the court to apply federal law in place of conflicting state law.

**A. Property Clause**

The complaint alleges that the note secured by the first deed of trust is an FHA-insured mortgage. (Dkt. #1 at 3.) It further alleges that the HOA foreclosure sale cannot extinguish the first deed of trust's security interest because that interest is protected by the Property Clause. (*Id.* at 4.)

I dismiss this portion of the complaint because U.S. Bank lacks prudential standing to assert the federal government's interests under the Property Clause. *Freedom Mortg. Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015). HUD "is the best advocate of its *own* interests." *Id.* (quoting *The Wilderness Society v. Kane Cnty., Utah*, 632 F.3d 1162, 1172 (10th Cir. 2011)) (emphasis in original). HUD is not a party to this action and apparently thus far has not sought to assert the interest alleged in the complaint or to champion the arguments raised by U.S. Bank.

A lack of standing generally ends the analysis, but some courts have suggested that "[q]uestions relating to prudential standing . . . may be pretermitted in favor of a straightforward disposition on the merits." *Grubbs v. Bailes*, 445 F.3d 1275, 1281 (10th Cir. 2006) (emphasis omitted); *but see Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1041 n.36 (9th Cir. 2010) (acknowledging that some courts have reached the merits without resolving prudential standing, but stating that "no court has ever bypassed a prudential standing question to rule in favor of the party lacking prudential standing, but attempting to invoke the court's subject matter jurisdiction as to the merits") (emphasis omitted). Even if I addressed the merits without deciding the prudential standing question, I would reject U.S. Bank's Property Clause argument. The

complaint alleges that FHA's status at the time of the foreclosure sale was as an insurer of a mortgage, which "is far too attenuated to reasonably consider the HOA's foreclosure as disposing of '[p]roperty belong[ing] to the United States' in contravention of the Property Clause." *Freedom Mortg. Corp.*, 106 F. Supp. 3d at 1182 (quoting U.S. Const. art. IV, § 3, cl. 2.)

Further, to the extent HUD had some contingent interest in the property prior to the HOA foreclosure sale, the HOA foreclosure sale did not extinguish that interest in contravention of federal rights under the Property Clause. Rather, HUD long ago decided that any interest it would have in the property through its loan insurance program would be conditioned on the insured lender delivering good, marketable title. *See id.*; *see also* 12 U.S.C. § 1710(a)(1)(B) (authorizing the Secretary to pay mortgage insurance upon the "prompt conveyance to the Secretary of title to the property which meets the standards of the Secretary . . ."). HUD anticipated that HOA foreclosures of super-priority liens may affect whether a lender could meet that condition, and it warned its lenders to ensure that they maintained good, marketable title by paying off super-priority liens. *See Freedom Mortg.*, 106 F. Supp. 3d at 1184-85 & nn.51 & 56 (citing HUD Mortgagee Letters 2013-08, 2002-19, 2012-11, & 2012-14). Thus, allowing an HOA super-priority foreclosure sale to extinguish the first deed of trust securing an FHA-insured loan does not contravene federal decisions about the disposition of HUD's interest (to the extent one existed) because HUD decided to (1) condition its payment of mortgage insurance on the lender transferring good, marketable title and (2) place the burden of maintaining good, marketable title on its insured lenders. The HOA foreclosure sale merely prevented the contingency through which HUD's interest could ripen based on a condition that HUD itself imposed and a result that HUD anticipated and warned its insured lenders against. Therefore, to the extent that foreclosure of an HOA super-priority lien extinguishes a HUD contingent interest in the property, it does so because the lender did not satisfy the pre-conditions HUD put in place regarding how HUD manages its loan insurance program. Accordingly, I grant SFR's motion to dismiss the portion of U.S. Bank's claims based on the Property Clause.

/ / / /

**B. Supremacy Clause**

The complaint alleges that the note secured by the deed of trust is an FHA-insured mortgage. (Dkt. #1 at 3.) It further alleges that the HOA foreclosure sale cannot extinguish the deed of trust's security interest because that interest is protected by the Supremacy Clause. (*Id.* at 4.)

There is no conflict preemption under the Supremacy Clause under these facts. A state law may be conflict preempted (1) "where it is impossible for a private party to comply with both state and federal law" or (2) "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1023 (9th Cir. 2013) (quotation omitted). As explained more fully in *Freedom Mortgage*, "[n]either circumstance exists here because the lender controls its ability to comply with both state law and the federal program, and because Nevada's superpriority law for HOA-assessment foreclosures is no obstacle to the purpose and objective of HUD's program." 106 F. Supp. 3d at 1183. I therefore grant SFR's motion to dismiss the portion of U.S. Bank's claims that is based on the argument that the Supremacy Clause preempts Nevada state law where an FHA-insured loan is involved.

**C. Commercial Unreasonableness**

The complaint alleges that the "HOA sale did not extinguish the Plaintiff's security interest in the Subject Property because . . . the bid price was commercially unreasonable." (Dkt. #1 at 4.) SFR's motion to dismiss did not make any arguments about the allegation regarding the commercial unreasonableness of the HOA sale. I therefore will not address this allegation at the dismissal stage.

**II. MOTION FOR SUMMARY JUDGMENT**

U.S. Bank moves for summary judgment, arguing that the HOA foreclosure sale was not commercially reasonable. U.S. Bank also contends the HOA foreclosure sale is void and does not extinguish its security interest because Nevada Revised Statutes ("NRS") Chapter 116 violates

the Due Process and Takings Clauses.[2]  In response, SFR argues there is no evidence the sale was commercially unreasonable and Chapter 116 does not violate the Due Process or Takings Clauses.

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Commercial Unreasonableness**

The Supreme Court of Nevada recently clarified that under Nevada law, "courts retain the power to grant equitable relief from a defective [HOA] foreclosure sale when appropriate . . . ." *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, Inc.*, No. 63180, --- P.3d ----, 2016 WL 347979, at *5 (Nev. Jan. 28, 2016) (en banc).  Because U.S. Bank seeks to quiet title in itself, it bears the burden of "demonstrat[ing] sufficient grounds to justify . . . setting aside [the HOA] foreclosure sale . . . ." *Id.* at *6.  "[D]emonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id.* (citing *Long v. Towne*, 639 P.2d 528, 530

---

[2] U.S. Bank also moves for summary judgment based on its arguments under the Supremacy and Property Clauses.  I have already ruled on those arguments above.

(Nev. 1982)). In considering whether equity supports setting aside the sale, I also should consider any other factor bearing on the equities, including the moving party's actions or inactions and the impact on a bona fide purchaser for value. *Id.* at *8-9 (stating that "courts must consider the entirety of the circumstances that bear upon the equities").

The original loan amount listed in the November 2008 deed of trust is for $167,785. (Dkt. #12 at 32.) SFR purchased the property for $12,000 in September 2013. (Dkt. #1 at 8.) U.S. Bank presents no other evidence supporting its motion. An inadequate price alone is insufficient to justify setting aside the sale. U.S. Bank has not presented any evidence of unfairness, oppression, or fraud. Moreover, U.S. Bank has not demonstrated an inadequate price because it has not presented any evidence about the property's value at the time of the HOA foreclosure sale. U.S. Bank provides evidence of only the original loan amount. The loan amount in 2008 is not competent evidence of the property's value in 2013, particularly given the realities of the Las Vegas real estate market and the uncertainty surrounding HOA foreclosures sales prior to the Supreme Court of Nevada's decision in *SFR Investments v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) (en banc). *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 80 F. Supp. 3d 1131, 1136 (D. Nev. 2015). I therefore deny U.S. Bank's summary judgment motion based on commercial unreasonableness.

**B. Due Process[3]**

U.S. Bank argues the version of NRS Chapter 116 in effect when Amber Hills foreclosed violates the Due Process Clause because it does not require notice to the first deed of trust holder. SFR responds that the Supreme Court of Nevada has already interpreted the statute to require

---

[3] Pursuant to Federal Rule of Civil Procedure 5.1(a), U.S. Bank should have served the Nevada Attorney General with its summary judgment motion that calls into question the constitutionality of Chapter 116. I direct U.S. Bank to follow that Rule in this case and I remind it of its obligation to do so in any other cases it has filed challenging the constitutionality of Chapter 116.

Under Rule 5.2(b), the court must certify to the Nevada Attorney General that a statute's constitutionality has been questioned, which I did on March 9, 2016. (Dkt. #26.) Because I reject the constitutional challenges, I will not await the Nevada Attorney General's intervention decision before ruling. Fed. R. Civ. P. 5.2(c)

1  notice to the first deed of trust holder.  SFR also contends there is no state action to support a due
2  process violation.
3       For the reasons more fully explained in *Las Vegas Development Group v. Yfantis*, 2:15-
4  cv-01127-APG-CWH, Dkt. #72 (D. Nev. Mar. 24, 2016), Chapter 116 does not violate the Due
5  Process Clause because it requires notice to the first deed of trust holder.
6       **C.  Takings**
7       U.S. Bank argues that the Supreme Court of Nevada's interpretation of Chapter 116,
8  which held that HOA superpriority lien foreclosures extinguish the first deed of trust, amounts to
9  a regulatory taking of secured lenders' property rights without just compensation.  SFR responds
10 that the Nevada Legislature adopted Chapter 116 in 1991, well before U.S. Bank loaned the
11 money secured by the first deed of trust at issue in this case.  SFR argues U.S. Bank thus cannot
12 argue that the statute constituted a taking because U.S. Bank was on notice that the HOA could
13 have a later-arising lien that would take priority over the deed of trust.  Additionally, SFR
14 contends that even if there was a taking, U.S. Bank's remedy would be just compensation from
15 the State of Nevada, not voiding the sale.
16       "The Fifth Amendment, made applicable to the States through the Fourteenth
17 Amendment, prohibits the taking of 'private property . . . for public use, without just
18 compensation.'" *Washington Legal Found. v. Legal Found. of Washington*, 271 F.3d 835, 851
19 (9th Cir. 2001) (en banc) (quoting U.S. Const. amend. V).  Consequently, to prevail on its
20 argument that the decision in *SFR* constituted a taking in violation of the Fifth and Fourteenth
21 Amendments, U.S. Bank must show "that the interest at issue was [its] private property and that it
22 was taken without just compensation." *Id.*
23       Generally, a plaintiff may not establish a taking before the state has had the opportunity to
24 decide the reach of a challenged statute or regulation. *MHC Fin. Ltd. P'ship v. City of San Rafael*,
25 714 F.3d 1118, 1130 (9th Cir. 2013).  Accordingly, for a takings claim to be ripe, the plaintiff
26 usually must (1) obtain a final decision from the state and (2) seek compensation through
27 available state procedures. *Id.* (citing *Williamson Cnty. Planning Comm'n v. Hamilton Bank*, 473
28

U.S. 172 (1985)). However, the first ripeness requirement does not apply to facial challenges. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003). Additionally, there are exceptions to the second ripeness requirement, such as unavailable or inadequate state procedures or "where resorting to state remedies would be futile." *Washington Legal Found.*, 271 F.3d at 851. As the party suing in federal court without first exhausting state remedies, U.S. Bank bears the burden of establishing that state remedies are unavailable or inadequate, or that resort to state remedies would be futile. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 827-28 (9th Cir. 2004).

I deny U.S. Bank's summary judgment motion based on a takings theory under the Fifth and Fourteenth Amendments. U.S. Bank has not shown its takings argument is ripe because it has not shown that it sought just compensation from the state and was denied. It also has not shown that state procedures are inadequate or unavailable, or that resort to state procedures would be futile. U.S. Bank bears the burden of making these showings and it has not done so. I therefore deny U.S. Bank's motion for summary judgment on the basis of the takings clause.

Second, even if I "exercised [my] discretion not to impose the prudential requirement of exhaustion," I would deny U.S. Bank's motion for summary judgment based on a taking. *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc). U.S. Bank has not sued the State of Nevada in this case for just compensation.[4] Rather, U.S. Bank seeks remedies against SFR. But a takings claim requires just compensation from the government, not from a private third party. *See, e.g.*, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]"); *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 319 (1987) ("Where this burden results from governmental action that amounted to a taking, the

---

[4] There are no allegations in the complaint regarding a taking without just compensation. The complaint does not mention the *SFR* decision, does not allege that U.S. Bank's property has been taken by state action or that the state denied just compensation, and does not assert that the HOA sale did not extinguish the first deed of trust because of a takings clause violation. (Dkt. #1.)

Just Compensation Clause of the Fifth Amendment requires that the government pay the landowner for the value of the use of the land during this period."); *id.* at 318-19 ("It is axiomatic that the Fifth Amendment's just compensation provision is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.") (quotation omitted).  U.S. Bank has not explained why, even if the Supreme Court of Nevada's *SFR* decision constitutes a taking (an argument on which I take no position at this time), that would result in preventing the HOA sale from extinguishing the first deed of trust as opposed to requiring just compensation from the state.  Consequently, I deny U.S. Bank's summary judgment motion based on a taking.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(Dkt. #9) is GRANTED**.  However, because SFR did not move to dismiss the allegations regarding commercial reasonableness, the complaint is not dismissed in its entirety.

IT IS FURTHER ORDERED that plaintiff U.S. Bank, N.A.'s motion for summary judgment **(Dkt. #12) is DENIED**.

DATED this 28th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE